IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,336-01






EX PARTE JOSE CONCEPCION MENDOZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 692486-A IN THE 180TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and sentenced to sixty years' imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Mendoza v. State, No. 14-95-00704-CR (Tex. App.--Houston [14th Dist.] 1997, pet.
ref'd).

 On September 21, 2011, we denied the -01 application. There Applicant claimed that he was
denied his right to contact a Mexican consular official and that trial counsel failed to investigate
alternative theories of death. Applicant also claimed in a supplemental ground that he was factually
innocent. This supplemental ground was not, however, forwarded to this Court until after the -01
application was denied. Accordingly, we now withdraw our previous denial on our own motion and
remand this application to the trial court for further findings of fact and conclusions of law. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
evidence Applicant relies on is newly available or discovered. Ex parte Brown, 205 S.W.3d 538,
545 (Tex. Crim. App. 2006). The trial court shall also determine whether Applicant has shown by
clear and convincing evidence that no reasonable juror would have convicted him in light of the new
evidence. Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 21, 2013

Do not publish